United States District Court
Eastern District of New York

-----------------------------------X

MARIA ESTHER REYES,

*Plaintiff*,

- against -

COMMISSIONER OF SOCIAL SECURITY,

*Defendant*.

-----------------------------------X

**Memorandum & Order**

No. 18-CV-981 (KAM)

**Kiyo A. Matsumoto, United States District Judge:**

Before this Court is Plaintiff's Motion to Enforce Judgment and the government's response to Plaintiff's motion. Plaintiff argues that the Commissioner of the Social Security Administration has not complied with this Court's November 25, 2019 Memorandum and Order and the November 26, 2019 Judgment finding that the Social Security Administration Administrative Law Judge applied the incorrect legal standard for reviewing an applicant's residual functional capacity (RFC) when reviewing Plaintiff's disability insurance benefits and supplemental security insurance benefits application. The government, however, argues that Plaintiff is effectively repeating her argument from the related case, *Reyes v. Commissioner of Social Security*, 23-CV-8448, where Plaintiff argued that the ALJ incorrectly identified her disability onset

date as September 11, 2007. In that case, however, this Court found that Plaintiff received a favorable decision approving her SSI application, so the Court lacked subject matter jurisdiction over the action. For the reasons provided below, the Court denies Plaintiff's motion to enforce judgment and dismisses this action with prejudice.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of this case, which were explained in this Court's December 27, 2024 Memorandum & Order in a related case, *Reyes v. Commissioner of Social Security*, 772 F. Supp. 3d 278 (E.D.N.Y. 2024), and, therefore, discusses the facts and procedural history relevant to the instant motion to enforce judgment before the Court.

On November 26, 2019, this Court remanded this case to the Social Security Administration Administrative Law Judge ("ALJ") to determine if Plaintiff Maria Esther Reyes ("Plaintiff" or "Ms. Reyes") was disabled and eligible for disability insurance benefits ("DIB") and supplemental security income ("SSI") after determining that the ALJ's decision did not properly apply the legal standard by not providing a function-by-function analysis to formulate Plaintiff's RFC and failing to incorporate findings as to Plaintiff's ability to complete certain daily activities. (ECF No. 24, Memorandum and Order dated November 25, 2019 ("2019 M&O").)

On November 3, 2023, Plaintiff sued the Commissioner of the Social Security Administration ("Defendant") and other parties in a related case to challenge the decision of an ALJ determining that Plaintiff's disability onset date was September 11, 2007 and approving Plaintiff's application for SSI. (*Reyes v. Commissioner of Social Security*, 1:23-cv-8448 (*Reyes II*), ECF No. 1.) The Court found that it lacked subject matter jurisdiction over Plaintiff's complaint because the Court could not review a favorable decision from the ALJ. (*Reyes II*, ECF No. 34.)

On May 28, 2026, Plaintiff filed a motion to enforce judgment in this case. (ECF No. 28, Motion to Enforce Judgment ("Pl.'s Mot.").) On June 2, 2026, the Court ordered the government to respond by June 10, 2026. (Order dated 06/02/2026.) The government timely filed its response on June 10, 2026. (ECF No. 31, Response to Motion to Enforce Judgment ("Def.'s Resp.").)

## LEGAL STANDARD

Plaintiff submitted her motion to enforce judgment *pro se*, so the Court must construe Plaintiff's submission "liberally" and interpret it to "raise the strongest arguments that [it] suggest[s]." *Saeli v. Chautauqua County, NY*, 36 F.4th 445, 457 (2d Cir. 2022) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

"Once a matter has been litigated and decided, a party may be foreclosed from litigating the same issue again." *Kulak v. City*

*of New York*, 88 F.3d 63, 71 (2d Cir. 1996). Issue preclusion, or collateral estoppel, "bars litigation of an issue when (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013) (quoting *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006)). Though "dismissal for lack of subject matter jurisdiction is not an adjudication of the merits, and hence has no claim preclusive effect," *Aran v. Dep't of Treasury*, 22-CV-904 (EK) (LB), 2023 WL 3728204, at *1 (E.D.N.Y. May 30, 2023) (quoting *St. Pierre v. Dyer*, 208 F.3d 394, 400 (2d Cir. 2000) (citation modified)), "the doctrine of *issue* preclusion, or collateral estoppel, bars relitigation of the specific issues that the prior court decided in reaching its jurisdictional determination." *Id.* (quoting *Bank v. Spark Energy Holdings, LLC*, No. 13-CV-6130, 2014 WL 2805114, at *4 (E.D.N.Y June 20, 2014) and citing *Stengel v. Black*, 486 F.App'x 181, 183 (2d Cir. 2012) (citation modified)).

**ANALYSIS**

Plaintiff argues that this Court's 2019 M&O acknowledged that Plaintiff's disability "dat[ed] back to 2001 and direct[ed] the

SSA to properly review [Plaintiff's] case." (Pl.'s Mot. at 3.)[1] Plaintiff is partly mistaken. The Court did not, indeed could not, determine the onset date of Plaintiff's disability in its review of the ALJ's decision. Rather, the Court determined that the ALJ did not apply the proper legal standard and so remanded the case to the ALJ to apply the correct legal standard. (ECF No. 24.) The ALJ must determine the disability onset date, not the district court.

The Court, therefore, understands Plaintiff's actual argument to be that, on remand, the ALJ incorrectly determined Plaintiff's disability onset date. But the Court addressed that decision of the ALJ in its December 27, 2024 M&O. *Reyes*, 772 F. Supp. 3d 278. Thus, the Court agrees with the government that Plaintiff's motion to enforce judgment is barred by issue preclusion because the issue of jurisdiction has already been decided. (Def.'s Resp. at 4-5.) Plaintiff received a favorable decision from the ALJ, and this Court may not review an ALJ's decision that resolved a party's application in her favor. *Calderon v. Astrue*, 683 F. Supp. 2d 273, 276-77 (E.D.N.Y. 2010).

[1] Unless otherwise noted, pincites refer to the page number generated by CM/ECF.

## CONCLUSION

For the reasons provided above, Plaintiff's motion to enforce judgment is **DENIED** and the action is dismissed with prejudice.

**So ordered.**

Dated: October 13, 2026
Brooklyn, New York

**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York